T.C. Memo. 2002-263

UNITED STATES TAX COURT

DANNEY R. LAND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 185-02L.                    Filed October 10, 2002.

Danney R. Land, pro se.

Alan T. Tomsic and Stuart Murray, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, as supplemented, filed
pursuant to Rule 121.[1]  Respondent contends that there is no

_____

[1]  Unless otherwise indicated, all section references are to
(continued...)

dispute as to any material fact with respect to this levy action and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1998 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment, as supplemented.

Background

The record establishes and/or the parties do not dispute the following:

A. Petitioner's Form 1040 for 1998

On or about April 15, 1999, Danney R. Land (petitioner), a resident of Boulder City, Nevada, submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998. On the Form 1040, petitioner listed his occupation as "slot tech".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for wages, line 21 for other income, line 22 for total income, line 33 for adjusted gross income, and line 39 for taxable income. Petitioner made no entry on line 40 for tax, but he did enter a zero on line 56 for total tax. Petitioner then claimed a refund in the amount of $1,450.43, which was equal to the amount of Federal income tax that had been withheld from his wages.

Petitioner attached to his Form 1040 a Form W-2, Wage and Tax Statement, disclosing the payment of wages to him during the taxable year in issue. The Form W-2 was from Lakeview Co.,

d.b.a. Gold Strike Inn & Casino, of Boulder City, Nevada; it disclosed the payment of wages to petitioner in the amount of $17,401.20 and the withholding of Federal income tax in the amount of $1,450.43.

Petitioner also attached to his Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I, Danney Land, am submitting this as part of my 1998 income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * * ;
>
> 2) Provides that income taxes "have to be paid on the basis of a return" * * * ;
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
>
>     a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return;
>
>         *   *   *   *   *   *   *
>
> 5) Please note, that my 1998 return also constitutes a claim for refund pursuant to Code Section 6402.
>
> 6) It should also be noted that I had "zero" income according to the Supreme Court's definition of income * * * .
>
> 7) I am also putting the IRS on notice that my 1998 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *
>
>         *   *   *   *   *   *   *
>
> 10) In addition, don't notify me that the IRS is

"changing" my return, since there is no statute that allows the IRS to do that.  You might prepare a return (pursuant to Code Section 6020(b)) where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personnel to "change" that return.

\* \* \* \* \* \* \*

\* \* \* The word "income" is not defined in the Internal Revenue Code. \* \* \* But, as stated above, it can only be a derivative of corporate activity.  \* \* \*

B.  Respondent's Deficiency Notice and Petitioner's Response

On August 11, 2000, respondent (acting through Deborah Decker, Director of the Service Center in Ogden, Utah) issued a notice of deficiency to petitioner for the taxable year 1998.  In the notice, respondent determined a deficiency in petitioner's Federal income tax in the amount of $36,178 and an accuracy-related penalty under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations in the amount of $6,945.51.[2]

The deficiency in income tax was based on respondent's determination that petitioner failed to report income in the aggregate amount of $139,183, determined as follows:

| Income | Amount |
|---|---|
| Wages (Lakeview Co.) | $17,401 |
| Unemployment compensation | 6,708 |
| Capital gain | 115,000 |
| Interest income | 74 |
| | 139,183 |

---

[2]  Insofar as his ultimate tax liability was concerned, respondent gave petitioner credit for the amount withheld from his wages.  However, we note that the determination of a statutory deficiency does not take such withheld amounts into account.  See sec. 6211(b)(1).

By registered letter dated November 1, 2000, petitioner wrote to the director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated August 11, 2000, but challenging respondent's authority "to send me the Notice in the first place." Petitioner sent copies of his letter by registered mail to Lawrence H. Summers, Secretary of the Treasury, and Charles O. Rossotti, Commissioner of Internal Revenue.

Petitioner knew that he had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[3] However, petitioner chose not to do so. Accordingly, on February 26, 2001, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioner a notice of balance due, informing him that he had a liability for 1998 and requesting that he pay it. Petitioner failed to pay the amount owing.

---

[3] In this regard, petitioner's letter dated Nov. 1, 2000, stated as follows:

> According to your "Deficiency Notice" of above date (cover sheet attached), there is an alleged deficiency with respect to my 1998 income tax * * *, and if I wanted to "contest this deficiency before making payment, I must "file a petition with the United States Tax Court."

C.  Respondent's Final Notice and Petitioner's Response

On April 19, 2001, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of his outstanding tax liability for 1998.

On or about May 13, 2001, petitioner filed with respondent Form 12153, Request for a Collection Due Process Hearing.  The request, which was accompanied by a lengthy, typewritten statement, included, inter alia, a challenge to the existence of the underlying tax liability, as well as allegations that petitioner was never provided with a valid notice of deficiency or notice and demand for payment.  Petitioner also alleged:

> I claim there is no statute requiring me "to pay" the income taxes at issue.  No law authorizes the IRS to claim that I owe more in income taxes than the "zero" I reported on my 1998 income tax return.

In addition, petitioner requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

D.  The Appeals Office Hearing

On October 4, 2001, petitioner attended an administrative hearing in Las Vegas, Nevada, conducted by Appeals Officer Tony Aguiar (the Appeals officer).  Prior to the hearing, the Appeals officer obtained and reviewed Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, pertaining to petitioner's account for 1998.  At the hearing, the Appeals

officer provided petitioner with a copy of that document.

During the hearing, petitioner requested that the Appeals officer provide verification from the Secretary of the Treasury that all applicable laws and administrative procedures had been followed in the assessment and collection process. Petitioner was informed that Form 4340 was sufficient to satisfy the verification requirement of section 6330(c)(1). Petitioner also alleged that he never received "the statutory notice and demand for payment" and challenged the Appeals officer to

> show me the law that requires me to pay the tax. You show me the law that makes me liable for the tax in the Internal Revenue Code [placing Internal Revenue Code in front of Appeals officer] it's right here in front of you, on the table. You point to the Code, and I brought my checkbook with me, I will write you a check today.

The Appeals officer terminated the hearing after petitioner declined to discuss collection alternatives.

E. Respondent's Notice of Determination

On October 16, 2001, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liability for 1998. In the notice, the Appeals Office concluded that respondent's determination to proceed with collection by way of levy should be sustained.

F.  Petitioner's Petition

On January 2, 2002, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[4]  The petition includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; (3) petitioner never received a "valid" notice of deficiency; i.e., "one signed by the Secretary or someone with delegated authority from him"; (4) petitioner never received "the statutory 'Notice and Demand' for payment"; and (5) petitioner was denied the opportunity to challenge the existence or amount of his underlying tax liability.  Petitioner also alleged that because he "did not show a tax due on any of his returns for the years in issue, no 'deficiency' pursuant to the provisions of [section] 6211 for those years was legally possible."[5]

---

[4]  Petitioner's petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of November 7, 2001. During the fall/winter of 2001-2002, the Court experienced significant delays in the receipt of mail because of anthrax.

At the time that the petition was filed, petitioner resided in Boulder City, Nevada.

[5]  Although petitioner speaks of his retur<u>ns</u> for the year<u>s</u> in issue, only the taxable year 1998 is involved in the present
(continued...)

Petitioner attached to his petition several documents, including copies of the cover page of the notice of deficiency dated August 11, 2000, the notice of balance due dated February 26, 2001, and the Form 4340 that was furnished to him by the Appeals officer at the administrative hearing on October 4, 2001.

G.  Respondent's Motion For Summary Judgment

As stated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673.  Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this collection review proceeding because petitioner received a notice of deficiency for the tax in question. Respondent also contends that the Appeals officer's review of Form 4340 for petitioner's account for the taxable year 1998 satisfied the verification requirement of section 6330(c)(1). Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

Petitioner filed an Objection to respondent's motion, alleging, inter alia, that "no statutory notice and demand was sent" and that "no statute establishes a liability for the income tax or requires the payment of the income tax".  Thereafter, pursuant to notice, respondent's motion was called for hearing at

---

⁵(...continued)
proceeding.

the Court's motions session in Washington, D.C.  Petitioner did not attend the hearing; however, he did file a written statement pursuant to Rule 50(c), which incorporated by reference certain of his prior filings.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as

spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner challenges the assessment made against him on the ground that the notice of deficiency dated August 11, 2000, is invalid. However, the record conclusively shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court. See sec. 6213(a). It follows that section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding. See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002).

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is

not properly authorized to issue notices of deficiency is frivolous and groundless. See id. at 165; Goza v. Commissioner, supra. Likewise, petitioner's argument that no statute establishes an individual's liability for income tax or requires the payment of income tax is frivolous and groundless. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Tolotti v. Commissioner, T.C. Memo. 2002-86. Suffice it to say:

(1) Petitioner is a taxpayer subject to the Federal income tax, see secs. 1(c), 7701(a)(1), (14);

(2) compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981);

(3) petitioner is required to file an income tax return, sec. 6012(a)(1); and

(4) a taxpayer's failure to report tax on a return does not prevent the Commissioner from determining a deficiency in that taxpayer's income tax, secs. 6211(a), 6212(a); see Monaco v. Commissioner, T.C. Memo. 1998-284.

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the

requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that prior to the administrative hearing on October 4, 2001, the Appeals officer obtained and reviewed Form 4340 for petitioner's taxable year 1998.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, supra; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v.

<u>Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.[6]

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the Form 4340.  See <u>Davis v. Commissioner</u>, 115 T.C. at 41; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment of his tax liability for 1998.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

In particular, the Form 4340 on which the Appeals officer relied

---

[6]  To the extent that petitioner may still be arguing that the Appeals officer failed to provide him with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).  In any event, the Appeals officer provided petitioner with a copy of Form 4340 for the taxable year 1998.  Indeed, petitioner attached a copy of this form as an exhibit to his petition.

during the administrative process shows that respondent sent petitioner a notice of balance due on the same date that respondent made assessments against petitioner for the tax and accuracy-related penalty determined in the notice of deficiency. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Newman v. Commissioner</u>, T.C. Memo. 2002-135; <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993). Notably, petitioner attached a copy of the notice of balance due dated February 26, 2001, as an exhibit to his petition.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.[7] These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated October 16, 2001.

_____

[7] Petitioner stated to the Appeals officer at the administrative hearing on Oct. 4, 2001, that "I brought my checkbook with me, I will write you a check today" if the Appeals officer would only "show me the law that requires me to pay the tax." The statutory citations sought by petitioner are identified <u>supra</u> p. 13 of this opinion.

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in a number of such cases.[8]

_____

[8]  E.g., Roberts v. Commissioner, 118 T.C. 365 (2002) (imposing a penalty in the amount of $10,000); Davich v. Commissioner, T.C. Memo. 2002-255 (imposing a penalty in the amount of $5,000); Schmith v. Commissioner, T.C. Memo. 2002-252 (imposing a penalty in the amount of $1,000); Schroeder v. Commissioner, T.C. Memo. 2002-190 (imposing sua sponte a penalty in the amount of $1,000); Wagner v. Commissioner, T.C. Memo. 2002-180 (imposing a penalty in the amount of $4,000); Perry v. Commissioner, T.C. Memo. 2002-165 (imposing a penalty in the amount of $2,500); Crow v. Commissioner, T.C. Memo. 2002-149 (imposing a penalty in the amount of $1,500); Smeton v. Commissioner, T.C. Memo. 2002-140 (imposing a penalty in the amount of $1,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Williams v. Commissioner, T.C. Memo. 2002-111 (imposing sua sponte a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. E.g., Tolotti v. Commissioner, T.C. Memo. 2002-86. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $5,000.

In order to give effect to the foregoing,

> An appropriate order granting respondent's motion, as supplemented, and decision for respondent will be entered.